GENOVESE, J.,
dissents and assigns the following reasons.
hln this case, the majority reverses a jury verdict finding Defendant guilty of possession of stolen goods valued at over $500.00. In reversing the jury verdict, the majority opines that “the evidence is insufficient to support Defendant’s conviction.” I disagree.
In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, “assuming every fact to be proved that the evidence tends to prove.” La. R.S. 15:438; see State v. Neal, [00-674, p. 9 (La.6/29/01) ], 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La.R.S. 15:438 “works with the Jackson constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury.” Neal, [796 So.2d at 657].
State v. Draughn, 05-1825, p. 7 (La.1/17/07), 950 So.2d 583, 592, cert. de *778 nied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007).
In accordance with the Jackson standard of review, we are bound to consider the evidence in a light most favorable to the prosecution. By his own statement and admission, when questioned by police, Defendant stated: “That’s the first lathing crossed my mind ... I live on that street. I knew anytime somebody come to me like that with something for a little price like it’s a possibility they are stolen....” In his statement to the police, Defendant admitted that he had possession of the items at issue, that he purchased all four items on the street for $35.00, and that he knew the items were worth over $4,000.00. In a light most favorable to the prosecution, there was more than ample evidence presented to the jury showing that Defendant knew or had good reason to believe that these items were stolen.
Consequently, I would affirm Defendant’s conviction and sentence in all respects.